## MELVILLE FOLLETTE V. THE STATE.

No. 18136. Delivered April 8, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*R. G. Robertson,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

.. 

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

The record is here without any statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon the averment that the appellant, through his attorney, prepared a statement of facts which was exhibited to the county attorney, who refused to agree to it; that after the disagreement appellant filed an affidavit stating his inability to pay for a statement of facts. However, the alleged affidavit is not before this court. The right to a statement of facts under the provisions of Art. 760, sub. 6, C. C. P., is conditioned upon compliance with the statute. Among the essential provisions is that which prescribes that the affidavit must be made by the accused. It is also necessary that the record show that the affidavit was filed and called to the attention of the trial court. The article in question is discussed in Texas Jur., Vol. 4, p. 415, sec. 283.

We find nothing in the record which would authorize a reversal of the conviction.

The motion for rehearing is overruled.

*Overruled.*